**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEREMY GERALD,**

    **Petitioner,**

**vs.**                                              **Case No. 4:06cv305-MP/WCS**

**M. HICKS, WARDEN,**

    **Respondent.**

_____/

**AMENDED REPORT AND RECOMMENDATION**

In an order filed July 11, 2006, Petitioner was directed to file an amended 28 U.S.C. § 2254 petition by August 11, 2006.  Doc. 9.  The court noted that if Petitioner's direct appeal remained pending, which was not clear from the initial petition, the § 2254 petition would be subject to dismissal.  *Id.*, p. 2.  He was directed to file an amended petition setting forth specific allegations of fact, and clarifying the remedies pending or exhausted in state court.  *Id.*  The amended petition was to be printed, typed, or legibly handwritten, and accompanied by two identical copies.  *Id.*, pp. 2-3.  Petitioner was advised that failure to comply with a court order might result in dismissal.  *Id.*, p. 3.

On August 18, 2006, it was recommended that the case be dismissed for Petitioner's failure to file the amended petition as directed. Doc. 10.

Petitioner then filed his amended § 2254 petition on September 14, 2006. Doc. 11 (see p. 6, stating that the petition was delivered to prison officials for mailing on that date). Petitioner also filed a letter, explaining that he could not file the amendment or a timely objection to the recommendation because of his limited access to the court while housed in close management at Union Correctional Institution. Doc. 12. Petitioner claims that the Florida Department of Corrections has a "reputation of targeting and [harassing] pro se litigants so for future reference please allow extended time." *Id.*

Though the order directing amendment noted that Petitioner had not provided two copies of his initial § 2254 petition, and twice directed that Petitioner must submit the amended petition along with two identical copies (doc. 9, pp. 1-3), no service copies were provided with the amended petition.

Moreover, Petitioner has not clarified whether his direct appeal remains pending. He indicates that he appealed and the result is "pending record transfer." Doc. 11, p. 2. As to exhaustion of ground one, Petitioner states that the issue was "listed on 'Statement of Judicial Acts to be Reviewed' filed in Madison County Circuit Court," and references this explanation of exhaustion as to grounds two, three, and four. *Id.*, pp. 4-5. Petitioner states that ground five and grounds seven through twelve were raised on direct appeal. *Id.*, pp. 7-10.[1] Petitioner does not indicate if he exhausted ground fourteen, but states that the supporting details are unavailable as the "trial court refuses

---

[1] Grounds five through fourteen are not set forth on the form (which ends at p. 6) but on attached pages.

to facilitate the production and transfer of the record and transcripts." *Id.*, p. 11. Petitioner includes handwritten documents purportedly filed in state court, but does not provide any court orders.

The court expressed concern over whether Petitioner's direct appeal remained pending in the order directing him to file an amended petition. Petitioner has not clarified the status of his appeal, nor has he demonstrated (or even alleged) that the appeal process has been completed.

The § 2254 petition is premature. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). In order to properly exhaust state remedies,[2] "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845, 119 S.Ct. at 1732.

Petitioner may seek § 2254 relief after the conclusion of his appeal and exhaustion of any post conviction remedies. He is advised that there is a one year limitations period for filing a § 2254 petition, which generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," unless a later commencement date applies. § 2244(d)(1)(A)-(D). Since Petitioner is pursuing an appeal, his conviction will become

---

[2] Claims which have been fairly presented to the state courts are referred to as *properly* exhausted, to distinguish them from claims which are considered exhausted because procedurally barred. *See* O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734 (citing the dissenting opinion of Justice Stevens, *Id.*, at 854, 119 S.Ct. at 1737).

final after the judgment is affirmed (if it is affirmed) and a petition for writ of certiorari is denied *or* the 90 days for filing a petition for writ of certiorari in the Supreme Court expires.  *See* Clay v. United States, 537 U.S. 522, 525-527, 123 S.Ct. 1072, 1075-76, 155 L.Ed.2d 88 (2003).  The one year period is also tolled for the time during which a "properly filed" application for post conviction or other collateral review is pending in state court.  § 2244(d)(2).

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE.**

**IN CHAMBERS** on September 22, 2006.

 S/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**